UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNSON STORAGE & MOVING CO. (726), L.L.C., ET AL | CIVIL ACTION |
| VERSUS | NO. 07-7236 |
| VANLINER INSURANCE COMPANY | SECTION "C" (4) |

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal and plaintiffs' unopposed motion to remand. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs' petition concerns unpaid Katrina-related losses allegedly covered under a warehousemen's liability policy and truckers' policy issued by the defendant. This matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena

Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

    The Court finds that the defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes and has not made a showing "sufficiently particularized" to meet its burden. Instead, the plaintiffs' unopposed motion to remand has been filed. This motion is based on the plaintiffs'

stipulation that the minimum jurisdictional amount is not in controversy and that they will not seek damages in excess of the jurisdictional minimum.[1]

Based on the record and the law, the Court finds that diversity jurisdiction does not exist. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that the plaintiff's motion to remand is GRANTED. (Rec. Doc. 7). This matter is REMANDED to the 24th Judicial District Court for the Jefferson, State

---

[1] The Court has consistently recognized that even if this stipulation may not be "binding" for purposes of La. Code Civ. P. art. 862 under the reasoning in Crosby v. Lassen Canyon Nursery, Inc., 2003 WL 22533617 (E.D.La.)(J. Vance), it is, nonetheless, strong evidence of the jurisdictional amount for present purposes.

of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 3rd day of December, 2007.

                                             _____
                                             HELEN G. BERRIGAN
                                             UNITED STATES DISTRICT JUDGE